UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CHARLES ANTHONY BROOKS,

    Petitioner,

v.

RONALD DAVIS,

    Respondent.

No. C 16-03910 RS (PR)

**ORDER TO SHOW CAUSE BY AUGUST 29, 2016 WHY THE PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

    Petitioner seeks federal habeas relief from his 2007 state convictions for forced oral copulation and felony false imprisonment. For these convictions, he received a sentence of 3 years and 8 months. Because it is nearly a decade after this sentence was imposed, it is unlikely that petitioner is still in custody for these offenses.

    The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this Court's subject matter jurisdiction and his petition is therefore properly denied. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

    The custody requirement does not mandate that a prisoner be physically confined. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). A petitioner who is on parole at the time of filing is considered to be in custody, see *Jones v. Cunningham*, 371 U.S. 236, 241–43 (1963) and *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990), as is a petitioner on probation, *see Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005). Custody is found where the

sentence imposed significantly restrains petitioner's liberty, *see, e.g., Dow v. Circuit Court*, 995 F.2d 922, 923 (9th Cir. 1993) (sentence of mandatory attendance to fourteen-hour alcohol abuse rehabilitation program sufficient to place petitioner in custody), but not where only a fine is imposed, *see Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987) (sentence which only imposes fine not enough to satisfy custody requirement even if petitioner faces imprisonment for failure to pay).

It appears petitioner is not in custody under the state court judgment for the 2007 convictions. If this is true, this Court lacks jurisdiction over his habeas petition. Accordingly, petitioner is ordered to show cause on or before **August 29, 2016** why the petition should not be dismissed for lack of jurisdiction.

**No extensions of time will be granted.** If petitioner fails to respond to this order to show cause, the action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Petitioner's application to proceed *in forma pauperis* (Docket No. 2) is GRANTED.

The Clerk shall amend the docket to reflect that Ronald Davis, Warden of San Quentin State Prison, is the respondent. Petitioner erroneously named as respondent his former defense attorney. Davis, not his attorney, is the proper respondent, as he is the custodian having day-to-day control over petitioner, the only person who can produce the "body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)). If petitioner wishes to pursue a federal suit against his former attorney, he may do so by filing a civil rights complaint.

**IT IS SO ORDERED**.

DATED: July 20, 2016

RICHARD SEEBORG
United States District Judge