UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES ANTHONY BROOKS,

        Petitioner,

    v.

RONALD DAVIS,

        Respondent.

Case No. 16-cv-03910-RS (PR)

**ORDER OF DISMISSAL**

### INTRODUCTION

The Court ordered petitioner to show cause why the action should not be dismissed for lack of jurisdiction. He has failed to show such cause. Accordingly, this federal habeas corpus action is DISMISSED for want of jurisdiction.

### DISCUSSION

Petitioner seeks federal habeas relief from his 2007 state convictions for forced oral copulation and felony false imprisonment. For these convictions, he received a sentence of 3 years and 8 months. Because it is nearly a decade after this sentence was imposed, it is unlikely that petitioner is still in custody for these offenses. If he is not in custody for the convictions he seeks to challenge, the Court lacks jurisdiction over his habeas petition.

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this Court's subject matter jurisdiction and his petition is therefore properly dismissed. *See De Long v. Hennessey*, 912 F.2d

1   1144, 1146 (9th Cir. 1990).

2         The custody requirement does not mandate that a prisoner be physically confined.

3   *Maleng v. Cook*, 490 U.S. 488, 491 (1989).  A petitioner who is on parole at the time of

4   filing is considered to be in custody, *see Jones v. Cunningham*, 371 U.S. 236, 241–43

5   (1963) and *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990), as is a petitioner on

6   probation, *see Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005).  Custody is found

7   where the sentence imposed significantly restrains petitioner's liberty, *see, e.g., Dow v.*

8   *Circuit Court*, 995 F.2d 922, 923 (9th Cir. 1993) (sentence of mandatory attendance to

9   fourteen-hour alcohol abuse rehabilitation program sufficient to place petitioner in

10  custody), but not where only a fine is imposed, *see Dremann v. Francis*, 828 F.2d 6, 7 (9th

11  Cir. 1987) (sentence which only imposes fine not enough to satisfy custody requirement

12  even if petitioner faces imprisonment for failure to pay).

13        Petitioner has not shown that he is in custody for the convictions he challenges by

14  way of his petition.  Rather, his responses address the merits of his habeas claims.  They

15  entirely fail to address the issues of custody and jurisdiction.  Therefore, he has failed to

16  show cause why the petition should not be dismissed.

17  **CONCLUSION**

18        This federal habeas action is DISMISSED for want of jurisdiction.  The order to

19  show cause is DISCHARGED.

20        Petitioner's motion for a stay (Docket No. 11) is DENIED as moot.  The Clerk shall

21  terminate Docket No. 11, enter judgment in favor of respondent, and close the file.

22        **IT IS SO ORDERED.**

23  **Dated:**  August  30 , 2016

24  _____

25       RICHARD SEEBORG
         United States District Judge

26

27

28
    ORDER OF DISMISSAL<br>CASE NO. 16-cv-03910-RS

United States District Court
Northern District of California

2